Mark L. Javitch (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff*
and the Putative Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DISTRICT

DANIEL CANFIELD, an individual, REGAN SMITH, an individual, individually and on behalf of all others similarly situated

Plaintiffs,

v.

AXIOM DEBT LLC, a California limited liability company,

Defendant.

Case No.: **'19CV2015 MMA JLB**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1. Plaintiff Daniel Canfield and Plaintiff Regan Smith ("Plaintiffs") bring this Class Action Complaint and Demand for Jury Trial against Defendant AXIOM DEBT LLC, ("Defendant") to stop its illegal practice of making unauthorized calls that play prerecorded voice messages to telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiffs alleges as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorney.

1

COMPLAINT

8:19-cv-0XXXX

**NATURE OF THE ACTION**

2. Axiom sells debt refinancing services. As a primary part of marketing their products and services, Defendant and their agents placed thousands of automated calls employing a prerecorded voice message to consumers' phones nationwide.

3. Unfortunately, Defendant did not obtain prior express written consent to place these calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendant's use of a prerecorded voice called to consumers' cell phones without their consent.

6. By placing the calls at issue, Defendant has violated the privacy and statutory rights of Plaintiffs and the Class and caused them to suffer actual and statutorily recognized harm.

7. Plaintiffs therefore seek an injunction requiring Defendant to stop clogging consumers' cell phones with unwanted prerecorded messages, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

8. Plaintiff DANIEL CANFIELD ("Plaintiff" or "Daniel Canfield") is a natural person and is a citizen of Hennepin County, MN, in the District of Minnesota.

9. Plaintiff REGAN SMITH ("Plaintiff" or "Regan Smith") is a natural person and a citizen of Omaha, Douglas County, Nebraska, in the District of Nebraska.

10. Defendant AXIOM DEBT LLC ("Defendant" or "Axiom") is a California limited liability company and existing under the laws of the State of California with its principal place of business at 440 S Melrose Drive, Suite 207, Vista, CA 92081.

11. Axiom's registered agent on file with the California secretary of state is listed as Justin S. Long, 440 S. Melrose Drive, Suite 208, Vista, California 92081.

## JURISDICTION AND VENUE

12. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

13. This Court has general personal jurisdiction over Axiom because Axiom's headquarters is located in Vista, California, within this district.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the wrongful conduct giving rise to this case substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

15. Axiom sells debt refinancing services.

16. To increase the reach of their refinancing services and avoid paying for legitimate forms of advertising, Defendant amassed the names and phone numbers for thousands of consumers, from unknown sources, and then placed unsolicited calls offering debt relief services.

17. Defendant made calls to thousands of consumers around the country simultaneously.

18. When Plaintiffs and the Class members answered their cell phones or checked their messages thinking a real person was calling, Defendant pulled a bait and switch by playing a prerecorded voice message.

19. Defendant respected Class Members' time and privacy so little that it did not even employ a real person to call them – it used a machine to play prerecorded messages to thousands of consumers at once in the hopes that a couple may purchase Defendant's product and justify the annoyance to the rest of the Class as the "cost of doing business."

20. Unfortunately, Defendant failed to obtain any prior express consent from consumers before bombarding their cell phones with these annoying voice recordings.

**FACTS SPECIFIC TO PLAINTIFF DANIEL CANFIELD**

21. On September 12, 2019 at 4:01 p.m., Daniel Canfield received a voicemail on his phone ending in 1555.

COMPLAINT

> 4:07
>
> Greeting                                    Edit
>
> # Voicemail
>
> +1 (844) 758-0857
> unknown
> September 12, 2019 at 4:01 PM
>
> Transcription Beta
> "Can help you if you find yourself in ____ on credit card debt private student loan _____ even payday or unsecured loan these programs can help you resolve the amounts for pennies on the dollar you can contact me at 877-855-5353 if you find yourself stuck on the hamster wheel of just paying the minimum payments or if you _____ behind I can help you get out of that situation again you can reach me directly at 877-855-5353 I look forward to hearing back from you today..."

22. The Caller ID on the call displayed as +1 (844) 758-0857. When Plaintiff listened to the message, he heard a prerecorded voice message advertising debt refinancing.

23. The prerecorded voice said to call back 877-855-5353.

24. Upon calling back the phone number, a live representative from Axiom answered the call.

25. The live representative identified the company as Axiom Debt.

26. Plaintiff never consented to receive calls from Axiom.  Plaintiff had no relationship whatsoever with Axiom and never requested that Axiom contact him in any manner, let alone place prerecorded voice calls to his cell phone.

### FACTS SPECIFIC TO PLAINTIFF REGAN SMITH

27. On September 12, 2019, Plaintiff Regan Smith received a call and voicemail on her cell phone ending in 1123.

28. The Caller ID on the call displayed as RESTRICTED.

29. When Plaintiff listened to the message, she heard a prerecorded voice message advertising debt refinancing.

30. The prerecorded voice was from "Nick" who said to call back 877-855-5353.

31. On September 13, 2019, upon calling back the phone number, a live representative from Axiom answered the call.

32. Plaintiff requested to talk to Nick, but the live representative said Nick was not available, but he identified himself as Michael from the company Axiom Debt.

33. Michael solicited Plaintiff for their "Clean Slate" debt program.

34. On September 13, 2019, Plaintiff received an email message from "Mike Berkowitz" with the address mike@axiomdebt.com.

35. Mike Berkowitz gave his phone number as 760-589-1726.

36. Plaintiff never consented to receive calls from Defendant.  Plaintiff had no relationship whatsoever with Defendant and has never requested that Defendant contact her in any manner, let alone by placing prerecorded voice calls to her cell phone.

## CLASS ALLEGATIONS

37. **Class Definition**: Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(1), 23(b)(2), and 23(b)(3) on behalf of themselves and a class defined as follows:

> **No Consent Class**.  All persons in the United States who: (1) from the last 4 years to present (2) received at least one telephone call; (3) on his or her cellular or residential telephone; (4) that was played a prerecorded voice message; (5) for the purpose of marketing Defendant's products or services; (6) where Defendant did not have any record of prior express written consent to place such call at the time it was made.

38. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

39. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiffs, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

40. **Typicality**: Plaintiffs' claims are typical of the claims of other members of the Class, in that Plaintiffs and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

41. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiffs' claims are made in a representative capacity on behalf of the other members of the Class. Plaintiffs have no interests antagonistic to the interests of the

other members of the proposed Class and is subject to no unique defenses. Plaintiffs have retained competent counsel to prosecute the case on behalf of Plaintiffs and the proposed Class.  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

42.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiffs' challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiffs.

43.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   i.     Whether Defendant's conduct violated the TCPA;

   ii.    Whether Defendant obtained prior written consent prior to contacting any members of the Class;

   iii.   Whether members of the Class are entitled to treble damages based on the knowing or willfulness of Defendant's conduct.

44.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members

of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiffs and the Class)**

45.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

46.  Defendant and/or its agents placed telephone calls to Plaintiffs' and the Class members' cellular telephones, without having their prior express written consent to do so.

47.  The calls were made for the purpose of marketing and advertising Defendant's products.

48.  The calls played a prerecorded voice message to the cell phones of Plaintiffs and the Class members as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

49.  By calling and playing the prerecorded voice message to Plaintiff's and the Class's cellular telephones without their prior express written consent, Defendant violated 47 U.S.C. §227(b)(1)(A)(iii).

50.  As a result of its unlawful conduct, Plaintiff's and the Class suffered statutory damages under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil penalties for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

51. Defendant and/or its agents made the violating calls "knowingly" and/or "willfully" under 47 U.S.C. § 227(b)(3)(C).

52. If the court finds that Defendant willfully or knowingly violated this subsection, the court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Daniel Canfield, and Plaintiff Regan Smith, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiffs as the Class representative and appointing counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An injunction requiring Defendant to cease all unlawful calls without first obtaining the call recipients' prior express written consent to receive such calls, and otherwise protecting interests of the Class;

E. An injunction prohibiting Defendant from employing automated prerecorded messages without obtaining, and maintaining records of the call recipients' prior express consent to receive calls made with such equipment, and otherwise protecting the interests of the Class;

F. An award of actual and statutory damages;

G. An award of reasonable attorneys' fees and costs; and

H. Such other and further relief that the Court deems reasonable and just.

10

8:19-cv-0XXXX

COMPLAINT

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: October 20, 2019

Respectfully submitted,

DANIEL CANFIELD and REGAN SMITH, individually and on behalf of all others similarly situated,

By: /s/ Mark L. Javitch                .
Plaintiff's Attorney

Mark L. Javitch (SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*
and the Putative Class

COMPLAINT