**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL CANFIELD and REGAN SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AXIOM DEBT LLC, a California limited liability company,<br><br>Defendant. | Case No.: 19cv2015-MMA (JLB)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATE SERVICE**<br><br>[Doc. No. 4] |

On October 20, 2019, Plaintiffs Daniel Canfield and Regan Smith ("Plaintiffs") filed this putative class action against Defendant Axiom Debt LLC ("Defendant") alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See* Complaint. To date, Defendant has not appeared in this action. On October 31, 2019, Plaintiffs filed a motion to permit alternate service on Defendant via the California Secretary of State. *See* Doc. No. 4. For the reasons set forth below, the Court **GRANTS** Plaintiffs' motion.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 4 provides that proper service of a limited liability company ("LLC") may be made "in the manner prescribed by Rule 4(e)(1) for serving an

individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Section 17701.16(b)[1] of the California Corporations Code provides that an LLC may be served by "[p]ersonal service of a copy of any process against the limited liability company . . . by delivery (1) to any individual designated by its agent, or (2) if the designated agent is a corporation, to any person named in the latest certificate of the corporate agent . . . ." Cal. Corp. Code § 17701.16(b). However,

> If the designated agent cannot with reasonable diligence be found at the address designated for personal delivery of the process, and it is shown by affidavit to the satisfaction of the court that process against a limited liability company . . . cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20, or subdivision (a) of Section 415.30 of the Code of Civil Procedure, the court may make an order that the service shall be made upon a domestic limited liability company . . . by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing the service.

Cal. Corp. Code § 17701.16(c).

Section 415.10 of the California Code of Civil Procedure provides for service of a summons by personal delivery to the person to be served. Cal. Civ. Proc. Code § 415.10. Section 415.20(a) provides for service by leaving a copy of the summons and complaint at the office of the person to be served, or if no address is known, the mailing address for

---

[1] Plaintiffs cite to California Corporations Code Section 1702(a) in their motion. *See* Doc. No. 4 at 4. However, Section 1702(a) only applies to *corporations*. *See* Cal. Corp. Code § 1702(a). Because Defendant in this case is an LLC, Section 17701.16 applies.

the person to be served. Cal. Civ. Proc. Code § 415.20(a). Thereafter, a copy must be mailed by first-class mail to the person to be served at the place where a copy of the summons and complaint were left. Cal. Civ. Proc. Code § 415.20(a). Lastly, Section 415.30(a) provides for service by mail. *See* Cal. Civ. Proc. Code § 415.30(a).

Courts have interpreted "reasonable diligence" in section 17701.16(c) to require the same efforts to serve by other means as in California Civil Procedure Code Section 415.50.[2] *See Hopson v. Nove Plaza, LLC*, No. 17-cv-1746-AWI-SAB, 2018 WL 2357122, at *2 (E.D. Cal. May 22, 2018); *Johnson v. 4885 Granite, LLC*, No. 15-cv-2698-KJM-EFB, 2016 WL 3538382, at *1 (E.D. Cal. June 29, 2016). "In determining whether a plaintiff has exercised 'reasonable diligence' for purposes of section 415.50, a court must examine the affidavit presented to see whether the plaintiff 'took those steps a reasonable person who truly desired to give notice would have taken under the circumstances.'" *Johnson*, 2016 WL 3538382, at *1 (quoting *Donel, Inc. v. Badalian*, 150 Cal. Rptr. 855, 859 (Ct. App. 1978)); *see also Watts v. Crawford*, 896 P.2d 807, 811 n.5 (Cal. 1995) ("The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney."). "The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that the myriad of avenues have been properly exhausted to warrant service by section 415.50." *Hopson*, 2018 WL 2357122, at *2 (citing *Donel*, 150 Cal. Rptr. at 859).

## **DISCUSSION**

Plaintiffs contend that they have not been able to locate and serve Defendant's designated agent at the address registered for personal service. *See* Doc. No. 4 at 3. Plaintiffs claim that on October 23, 2019, their process server attempted to serve Defendant's registered agent at the address listed on the California Secretary of State's website, 440 S. Melrose Dr., Suite 208, Vista, CA 92081. *See id.*; *see also* Doc. No. 4-1 (hereinafter Javitch Decl.") ¶ 3-4. The process server informed Plaintiffs' counsel that

---

[2] Section 415.50 provides for service by publication. *See* Cal. Civ. Proc. Code § 415.50.

the address was invalid. *See* Doc. No. 4 at 3. Plaintiffs then attempted to serve the address listed on Defendant's website (axiomdebt.com), which is the same for the registered agent, except for the suite number. *See id.* The website indicates that the company's suite number is Suite 207, as opposed to 208. *See id.* The process server attempted to serve Suite 207, but that address was also invalid. *See* Javitch Decl. ¶¶ 5, 8. The process server returned the proof of non-service. *See* Doc. No. 3. Plaintiffs assert, "It appears that Axiom is intentionally using fake addresses to conceal its business activity." Doc. No. 4 at 5. As a result, Plaintiffs seek leave to serve Defendant via the California Secretary of State. *See id.* at 6.

Pursuant to Section 17701.16(c) of the California Corporations Code, before service can be made via the Secretary of State, the plaintiff must demonstrate that: (1) "the designated agent cannot with reasonable diligence be found at the address designated for personal delivery of the process;" and (2) the plaintiff shows by affidavit that the LLC "cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20, or subdivision (a) of Section 415.30 of the Code of Civil Procedure[.]" Cal. Corp. Code § 17701.16(c).

Here, Plaintiffs have satisfied the first requirement and have demonstrated that the designated agent cannot be found at the address designated for personal delivery of the process. *See* Javitch Decl. ¶¶ 3-8. In fact, the process server indicated that the address is invalid. *See id.* With respect to the second requirement, although Plaintiffs do not mention attempting service by hand or mail, the Court is satisfied based upon counsel's declaration that Defendant cannot be served with reasonable diligence in the manner prescribed in Sections 415.10, 415.20(a), or 415.30(a) of California's Code of Civil Procedure. Because both addresses listed on the California Secretary of State's website and Defendant's website are invalid, Plaintiffs cannot serve the registered agent by hand or by mail. *See* Cal. Civ. Proc. Code §§ 415.10, 415.20(a), 415.30(a).

After learning that the address listed on the California Secretary of State's website was invalid, Plaintiffs took additional steps to find an alternate address for service. After

finding a different address on Defendant's website, Plaintiffs learned that the new address was also invalid. Plaintiffs have not been able to identify any other address for the designated agent for service of process. Accordingly, the Court finds that Plaintiffs have adequately demonstrated that process cannot be served on Defendant with reasonable diligence.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' motion. Plaintiffs may serve Defendant by hand-delivering the summons and Complaint, as well as a copy of this Order, to the California Secretary of State. *See* Cal. Corp. Code § 17701.16(c). "Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State." *Id.*

**IT IS SO ORDERED.**

Dated: November 6, 2019

HON. MICHAEL M. ANELLO
United States District Judge